## BOLEN v. STILL.

### Opinion delivered April 10, 1916.

1. LIQUOR DEALERS—STATUTORY LIABILITY—INJURY TO PERSON PURCHASING LIQUOR.—No statutory liability for the payment of damages, occasioned by reason of liquor sold at the place of business of a retail liquor dealer, is created by the bond required under the provisions of Kirby's Digest, § 5121.

2. LIQUOR DEALER—INJURY TO PURCHASER OF LIQUOR—LIABILITY.—A saloon keeper, licensed to sell liquors, who sold two quarts of whiskey to deceased, a man of reasonable intelligence, fifty-six years of age, and sober at the time, with nothing to indicate that deceased usually drank to excess, will not be held to be guilty of such negligence as will entitle deceased's administrator to recover damages for his death, which was caused by a fall from his horse, while deceased was intoxicated from drinking the liquor so purchased, after leaving the saloon.

Appeal from Searcy Circuit Court; *John I. Worthington,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellant, administrator of the estate of Louis Bolen, deceased, brought suit on the bond required to be given by retail liquor dealers, to recover damages for his widow and children resulting from his death, alleged to

have been caused by reason of liquor sold at the house or place of business of appellees.

The complaint alleged that Louis Bolen, on the 10th day of April, 1915, went to the appellee's saloon and purchased a quantity of liquor from which he became intoxicated and after the purchase started home on horseback and as a result of the intoxication, fell from his saddle, his foot hanging in the stirrup, and the horse became frightened and ran away and dragged him to death.

The answer admitted the sale of whiskey to the deceased and alleged that he came to the saloon in company with Lige Alexander, a man about 40 years of age, a responsible person, that both parties were walking when they reached the saloon and duly sober, that each purchased some whiskey and went away not having taken more than one or two drinks, and in a duly sober condition; that defendants were only slightly acquainted with deceased at the time he purchased the whiskey; that he left their premises in a duly sober condition; that after he had gone more than half a mile from the saloon, he got on his horse, a young animal of a wild disposition and after riding several miles from their place of business, became so intoxicated that he got down off of his horse and lay down on the ground; that his companion and three or four other men, naming them, all responsible persons, knowing his condition put him back on his horse and he starting riding again towards home and the animal afterwards became frightened and threw him off and the injury resulted therefrom. The answer denied that the fall and resultant death was the approximate result of the intoxication caused from the sale of the intoxication caused from the sale of the whiskey.

It appears from the testimony that the deceased and Lige Alexander on the day of the injury rode their horses to the river near the saloon; that they went across the river in a boat and that Alexander bought two drinks of whiskey, one for each of them. Deceased bought two quarts of whiskey and half a pint of apricot cordial. They then bought a pint together to drink on the way

home and Alexander also bought some whiskey for himself. They were at the saloon about half an hour and were put back across the river and walked down to where their horses were hitched and mounted and started riding back towards home, Bolen living about 15 miles from the saloon. They drank all the pint of whiskey that they bought together and then began on Alexander's supply. By this time they had gotten several miles from the river and deceased was so intoxicated that he fell or got down off his horse and lay down near a blacksmith shop. Alexander and three or four other men put him back on the horse and they had ridden probably a quarter of a mile further, when the horse became frightened and threw him, or he fell off, and his foot hung in the stirrup and he was dragged to death. The witness riding along with him was not clear as to how he came to fall or to be thrown from the saddle.

The testimony tended to show that the mare ridden by him was gentle, the earning capacity of the deceased, his life expectancy, etc.

The court instructed the jury, refusing to give appellees' requested instruction for a directed verdict and giving over appellant's objection their requested instruction numbered 6, telling the jury in effect that if they found deceased after becoming drunk was off his horse in a place of safety and afterwards by acts of third parties put in a perilous position and the injury caused thereby, they should find for the defendant.

From the judgment on the verdict for the defendants, plaintiff appealed.

*Bratton & Bratton,* for appellant.

1. The verdict is contrary to the law and the evidence and the court erred in its charge to the jury. Under Kirby's Digest, § § 5121 to 5124 defendants were liable for all damages occasioned by the sale of liquor at their house of business. 66 Ark. 68; 38 Ia. 489; 51 Kan. 171; 62 N. W. 891; 31 N. E, 425; 94 Ill. 358; 19 Atl. 390; 38 N. E. 190; 26 Hun (N. Y.) 608; 19 S. Dak. 11; 16 *Id.*

118; 44 Am. Rep. 42; 69 N. E. 298; 61 N. W. 1087; 109 N. E. 905.

2.   As to concurring causes producing injury, see 95 Ark. 297; 23 Atl. 733; 76 S. C. 262; 47 L. R. A. 647.   As to intervening cause, see 66 S. W. 221; 127 Iowa 483; 35 Pac. 549; 169 Fed. 321.

3.   The selling of the liquor producing drunkenness was the proximate cause.   3 Q. B. 327; 212 U. S. 159; 146 Ala. 273, 404; 50 Cal. 307; 96 Md. 683.

The appellees, *pro sese.*

1.   There is no statutory liability.   66 Ark. 68; 77 *Id.* 606.   Nor were appellees liable under the common law.

2.   The evidence was not sufficient even if there was a statutory liability.

KIRBY, J., (after stating the facts).   (1)   This court has already held that no statutory liability for the payment of damages occasioned by reason of liquor sold at the place of business of a retail liquor dealer is created by the bond required under the provisions of Section 5121, Kirby's Digest. *Anderson Co.* v. *Diaz,* 77 Ark. 608; *Gage* v. *Harvey,* 66 Ark. 70.   In the latter case, the court construing the statute and the condition of such bond said: "They should be construed according to the general rule fixing the limit of the liability of parties for the consequences of their acts in other cases, as they in no way indicate an intent to make the liability of the saloon keeper an exception to such rule.   According to their legal effect, they bind him to pay all damages that may be the natural and proximate result of the use or consumption of liquor sold by him or his agents at his place of business.   Further than this the law does not extend the liability of his bond on account of the sale of liquor." It was there held that the saloon keeper was not liable to the payment of money lost by one who became intoxicated upon liquors sold to him and thereby so incapacitated that some third person forcibly, or by stealth, took his money away from him.

The saloon keeper's business does not advertise him to the public as the protector of those who become his patrons, but rather to the contrary, as said in *Anderson v. Diaz, supra.* The testimony herein shows that the deceased, a man of mature years and reasonable intelligence, came with a companion of like kind to the place of business of appellees where both purchased liquors presumably for their own consumption and both were duly sober at the time and neither drank enough liquor on the premises to intoxicate him or prevent the normal exercise of his faculties. There was nothing to indicate that the deceased, who was only slightly known to the appellees, was not such a person as was legally entitled to purchase their goods nor to cause a reasonably prudent person to anticipate that such sale would likely produce the injury it is claimed resulted therefrom.

(2) It cannot be said that the action of a saloon keeper licensed to sell liquors, in selling two quarts of whiskey to a man of reasonable intelligence, 56 years of age, and sober at the time, with nothing to indicate that the purchaser drank to excess, was guilty of such negligence as would entitle the administrator of deceased to recover damages for his death, caused by the fall from his horse while intoxicated from drinking the liquor so purchased, after leaving the saloon.

There being no statutory liability under the bond, and no evidence of any negligence on the part of the saloon keeper in making the sale of the liquors to the deceased, his administratrix was not entitled to recover, and since appellees were entitled to a directed verdict, no prejudice could have resulted from the giving of said instruction number 6, if it was incorrect.

The judgment is affirmed.