CARR v. TURNER

5-3416                                385 S. W. 2d 656

Opinion delivered January 11, 1965

Richard W. Hobbs, for appellant.

R. Julian Glover, for appellee.

GEORGE ROSE SMITH, J. The question in this case is whether one who is injured in a collision with a car being driven by a drunken driver has a cause of action against the tavern keeper whose unlawful sale of liquor to the offending driver brought about her intoxication. The trial court held that the tavern keeper is not liable. A demurrer to the appellant's complaint, as far as it concerned the tavern keeper, was sustained and the action dismissed.

The complaint alleges: On September 22, 1961, the appellee Southern Entertainment, Inc., operated the Southern Club in Hot Springs. Alcoholic drinks were served at the bar, in violation of the statute that requires liquor to be sold only in the unbroken package for consumption off the premises. Ark. Stat. Ann. § 48-309 (Repl. 1964). The Club served drinks to its co-defendant, Ruby Turner, until she became visibly intoxicated. The Club then knowingly and wrongfully permitted her to leave the premises, get in her car, and drive away. As a result of her drunkenness Miss Turner ran into a parked taxicab and injured the plaintiff.

At common law the seller was not liable in this situation, the courts usually saying that the proximate cause of the injuries was the consumption of the liquor, not its sale. *Cherbonnier* v. *Rafalovich,* D. C. Alaska, 88 F. Supp. 900; *Henry Grady Hotel Co.* v. *Sturgis,* 70 Ga. App. 379, 28 S. E. 2d 329; *Cowman* v. *Hansen,* 250 Iowa 358, 92 N. W. 2d 682; *Stringer* v. *Calmes,* 167 Kan. 278, 205 P. 2d 921; *Waller* v. *Collinsworth,* 144 Ky. 3, 137 S. W. 766, 44 L. R. A. (n.s.) 299, Ann. Cas. 1913A 510; *State* v. *Hatfield,* 197 Md. 249, 78 A. 2d 754; *Barboza* v. *Decas,* 311 Mass. 10, 40 N. E. 2d 10; *Beck* v. *Groe,* 245 Minn. 28, 70 N. W. 2d 886, 52 A. L. R. 2d 875; *Tarwater* v. *Atlantic Co.,* 176 Tenn. 510, 144 S. W. 2d 746; *Seibel* v. *Leach,* 233 Wis. 66, 288 N. W. 774.

In many states the common law rule has been changed by Dramshop Acts, which expressly impose civil liability upon the seller. We have no statute of this kind in Arkansas. Before prohibition we did have a statute, later repealed, that required a saloon keeper to post a $2,000 bond to pay "all damages that may be occasioned by reason of liquor sold at his house of business." Kirby's Digest § 5121. We construed this statute rather narrowly, holding in two cases that the sale was not the proximate cause of the plaintiff's damages and in a third that the saloon keeper was not negligent in failing to foresee the plaintiff's injury. *Gage* v. *Harney,* 66 Ark. 68, 48 S. W. 898, 43 L. R. A. 143, 74 Am. St. Rep. 70; *Peter Anderson & Co.* v. *Diaz,* 77 Ark. 606, 92 S. W. 861, 4 L. R. A. (n.s.) 649, 113 Am. St. Rep. 180; *Bolen* v. *Still,* 123 Ark. 308, 185 S. W. 811.

In the absence of a Dramshop Act we have two statutes that might be regarded as having changed the common law rule. We have mentioned the first, which directs that liquor be sold in the package for consumption off the premises. We think it clear that this provision in the law was meant simply to prevent the return of the saloon, with its notorious evils. Beer, unlike liquor, may be lawfully sold for consumption in restaurants and other public places. We are not convinced that the legislature meant to impose tort liability upon a bar

keeper who permits a patron to become drunk upon whisky and yet exonerate the same bar keeper from liability for permitting another patron to become drunk on beer.

The second pertinent statute makes it a misdemeanor for any person to sell or give away liquor to a minor, a habitual drunkard, or an intoxicated person. Ark. Stat. Ann. § 48-901. The present complaint may be construed to charge a violation of this section, in that the Southern Club sold drinks to Miss Turner after she had reached the point of intoxication.

Statutes generally similar to this one exist in most, if not all, of the states. They are not ordinarily considered to change the common law rule of nonliability. In a few cases, however, such legislation has been given that effect. It has been said that there has been an increasing tendency in recent times to depart from the traditional view. Case note, 9 Ark. L. Rev. 179. The appellant urges this minority rule to support his contention that the Southern Club should be held responsible in this case.

The cases finding liability are so few that they may be reviewed quickly. In Arizona and South Dakota it is held that a tavern keeper who ignores a woman's warnings not to sell liquor to her husband is liable to her for loss of consortium. *Pratt* v. *Daly*, 55 Ariz. 535, 104 P. 2d 147, 130 A. L. R. 341 (but see *Collier* v. *Stamatis*, 63 Ariz. 285, 162 P. 2d 125) ; *Swanson* v. *Ball*, 67 S. D. 161, 290 N. W. 482. California adopted this position, on rehearing, in *Cole* v. *Rush*, 271 P. 2d 47, but on a second reconsideration the court again changed its mind and returned to the common law rule, leaving the matter to the legislature. *Cole* v. *Rush*, 45 Cal. 2d 345, 289 P. 2d 450, 54 A. L. R. 2d 1137.

In New Jersey liability on the theory of negligence was imposed upon a tavern keeper who unlawfully sold liquor to an intoxicated minor. The court pointed out, however, that its holding was limited to persons engaged in the liquor business—long recognized to be a privilege. *Rappaport* v. *Nichols*, 31 N. J. 188, 156 A. 2d 1, 75 A. L. R.

2d 821. A federal court reached the same conclusion under an Illinois statute prohibiting sales to an intoxicated person. *Waynick* v. *Chicago's Last Dept. Store,* 7th Cir., 269 F. 2d 322. The owner of a bar may also be liable to the consumer himself for his injuries—a holding not so broad as one that would extend the liability to third persons. *Schelin* v. *Goldberg,* 188 Pa. Super. 341, 146 A. 2d 648.

There is a significant distinction between these cases and the one now before us. In all the decisions cited the liability to the injured person fell solely upon one engaged in the sale of alcoholic beverages. Our statute is not so narrow. It applies to *any person* who sells or gives away intoxicating liquor to a minor or to an inebriate. By its terms it is equally applicable to a liquor dealer and to a host who serves cocktails in his own home. Perhaps the legislature did not mean for the law to be so sweeping in its scope, but we must give effect to the statute as we find it.

Even if the prohibition against the sale of liquor to an intoxicated person had the comprehensive implications that the appellant attributes to it, we do not see how the impact of the statute could be confined to those who *sell* liquor, legally or illegally. The same reasoning would be applicable in the case of a person entertaining his friends in his home. He would be compelled to maintain supervision over all his guests and to refuse to serve drinks to those nearing the point of intoxication. Such a principle of liability would be more far-reaching than any decision that we have discovered. We think it clear that the lawmakers, in enacting the statutes now on the books, have not undertaken to extend the offender's responsibility to the extreme degree now urged by the appellant. It may be that a Dramshop Act is to be desired, but such a measure should be the result of legislative action rather than of judicial interpretation.

Affirmed.