## FIRST AMERICAN BANK OF NORTH LITTLE ROCK, N.A., et al. *v.* ASSOCIATED HOSTS, INC., d/b/a WRANGLER, et al.

87-6                                   730 S.W.2d 496

Supreme Court of Arkansas
Opinion delivered June 15, 1987

*Jim O'Hara* and *Zachary D. Wilson*, for appellant.

*Wright, Lindsey & Jennings*, for appellees.

JOHN I. PURTLE, Justice. This appeal represents yet another attack on the lack of a Dramshop Act in Arkansas, and as such, it too must fail.

On December 7, 1982, the appellant attended the "happy hour" at a local bar and dance hall where he consumed more than a dozen drinks in about three hours. The appellant left the bar in an intoxicated condition and fell backwards on the sidewalk. The appellant's head struck the pavement, and he sustained injuries which rendered him partially paralyzed, blind in one eye, and mildly retarded.

The question presented is whether a dramshop owner or operator is liable for damages to a patron who becomes intoxicated and by reason thereof sustains injury. Our prior decisions hold that an owner of a tavern is not responsible for injuries caused to third parties by a drunk patron. See *Yancey v. The Beverage House of Little Rock, Inc.*, 291 Ark. 217, 723 S.W.2d 826 (1987). We hold that there is no reason to favor an intoxicated patron over an innocent third party. At the common law, a tavern owner had no liability for injury to a patron or a third party. See *Bolen v. Still*, 123 Ark. 308, 185 S.W. 811 (1916).

We continue to defer to the General Assembly on this subject. *Yancey*, supra. We therefore affirm the decision of the trial court in dismissing the complaint.

Affirmed.