Charles SLUDER and Misty Sluder *v.*
STEAK & ALE of LITTLE ROCK, INC. d/b/a Bennigan's Grill &
Tavern of Texarkana and MRS Management Company, LP

06-638                                                    245 S.W.3d 115

Supreme Court of Arkansas
Opinion delivered December 14, 2006

---

*Mercy Carter Tidwell, LLP,* by: *John R. Mercy* and *W. David Carter,* for appellants.

*Atchley, Russell, Waldrop & Hlavinka, LLP,* by: *Jeffery C. Lewis,* for appellees.

DONALD L. CORBIN, Justice. Appellants Charles and Misty Sluder appeal the order of the Miller County Circuit Court dismissing their complaint against Appellees Steak & Ale of Little Rock, Inc., d/b/a Bennigan's Grill & Tavern of Texarkana, and MRS Management Company, LP (collectively referred to as Bennigan's). On appeal, the Sluders argue that it was error for the trial court to dismiss their complaint as it stated a viable cause of action and that the trial court further erred in ignoring the law of the case as

established in *Sluder v. Steak & Ale*, 361 Ark. 267, 206 S.W.3d 213 (2005) (*Sluder I*). As this is a second appeal, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(7). We affirm.

As the facts are sufficiently set forth in *Sluder I*, it is unnecessary to discuss the underlying details of the instant action. Suffice it to say, the issue in *Sluder I* was whether or not the Sluders' complaint stated a cause of action under the Arkansas Dramshop Act, codified at Ark. Code Ann. §§ 16-126-101 to –106 (Supp. 2003), for injuries sustained by Charles Sluder in a one-car accident that occurred after he and his wife Misty left Bennigan's in Texarkana.[1] In affirming the trial court's dismissal of the Sluders' complaint pursuant to Ark. R. Civ. P. 12(b)(6), this court held that the Sluders' pleadings failed to establish a connection between the sale of alcohol by Bennigan's and the subsequent injury to another person. The court reasoned that section 16-126-104 contained a specific requirement that a causal link must exist between the intoxicated person and the injured third party. In discussing the fact that the Sluders' complaint did not state a cause of action, this court stated:

> Appellants allege the following facts regarding Bennigan's *vis-à-vis* Mr. Beck: (1) that Bennigan's knew that Mr. Beck was clearly intoxicated at the time of the sale, and (2) that Bennigan's reasonably should have known that Mr. Beck was clearly intoxicated at the time of the sale. However, appellants' complaint is deficient in that it fails to establish a sufficient nexus between the sale to Mr. Beck and the injury to Mr. Sluder. To establish a *prima facie* case under section 16-126-104, the plaintiff must allege that the intoxicated person, *i.e.*, Mr. Beck, caused the injury. Appellants in this case failed to do so.

*Sluder I*, 361 Ark. at 275, 206 S.W.3d at 217. The court elaborated, explaining:

> We have said that proximate cause is that cause which, "in a natural and continuous sequence, produces damage." Here, the statute adds a specific requirement that the "natural and continuous sequence" include a causal link between the intoxicated person and the injured third-party. Because appellants failed to plead the

---

[1] The complaint also asserted a cause of action for loss of consortium on behalf of Misty Sluder.

elements in that "natural and continuous sequence," which is required by the statute, we conclude that appellants' complaint is insufficient.

*Id.* (citations omitted).

Following the issuance of our mandate, the Sluders attempted to file an amended complaint in the case that was previously dismissed.[2] They also filed a new complaint on May 18, 2005, against the same defendants and alleging the same causes of action, but attempting to cure the deficiencies noted by this court in *Sluder I.* The new complaint alleged that Charles Sluder was impaired at the time that he left Bennigan's and that it was the sale of alcohol to John Beck that led to the accident that resulted in the injuries to Sluder.

In response to the new complaint, Bennigan's filed a motion to dismiss, denying the allegations as set forth in the complaint, and arguing that the complaint was barred by the statute of limitations and res judicata. In connection with its motion to dismiss, Bennigan's also submitted a memorandum of law. Therein, Bennigan's averred that despite the fact that the majority opinion in *Sluder I* failed to state whether the dismissal was with or without prejudice, Arkansas law requires that where a party elects to pursue an appeal following a dismissal under Rule 12(b)(6), and loses on appeal, the party waives the right to plead further and the appeal is to be dismissed with prejudice. Thus, according to Bennigan's, *Sluder I* was dismissed with prejudice and pursuant to the doctrine of res judicata, the Sluders' action had been finally adjudicated, and they were barred from filing the new complaint. Moreover, Bennigan's argued that in any event the statute of limitations had expired on the Sluders' claim and it could not be revived by either amendment or by instituting a new suit.

---

[2] The amended complaint is not in the record before us; however, the absence of the amended complaint is not a fatal defect to this court's review of the instant appeal. At the hearing on Bennigan's motion to dismiss, the trial court indicated that the 2003 and 2005 cases had been administratively consolidated. No order of consolidation appears in the record, however. Although the trial court's letter opinion and order of dismissal both reference the 2003 and 2005 docket numbers, at the hearing Bennigan's stated, without objection, that it had filed its motion to dismiss the 2005 complaint and that complaint was the only one at issue before the court. Moreover, the Sluder's notice of appeal referenced only the 2005 docket number.

The Sluders responded to the motion to dismiss, arguing that the opinion in *Sluder I* was clearly a dismissal without prejudice, as evidenced by a statement in the dissent that the case should be dismissed with prejudice. Thus, according to the Sluders, they properly amended their original complaint and filed a new complaint. Moreover, they argued that the defense of statute of limitations was inapplicable in this case because the matters in their amended and new complaints arose out of the same transaction or occurrence as set forth in the original complaint that was timely filed.

A hearing on Bennigan's motion to dismiss was held on January 5, 2006. Bennigan's repeated its argument that the Sluders' complaint was barred on the basis that this court's affirmance of the previous dismissal operated as a dismissal with prejudice. Alternatively, Bennigan's argued that the Sluders' complaint still failed to state a cause of action and should be dismissed pursuant to Rule 12(b)(6).

· The trial court subsequently issued a letter opinion, dated March 27, 2006. Therein, the court analyzed Bennigan's claim that the Sluders' complaint failed to state a cause of action.[3] The court concluded that the Sluders failed to provide a factual basis in their complaint that established they were entitled to recover under the Dramshop Act. In reaching this conclusion, the court noted:

> The statute grants a cause of action to a person injured as a result of a retailer of alcoholic beverages selling alcohol to a clearly intoxicated person. The statute provides specifically that another person may have a cause of action against the retailer if the retailer sells alcohol to a clearly intoxicated person or one whom he should have known was clearly intoxicated. The Court is unable to discern any intent from the language of the statute that the legislature intended to provide a cause of action to a person who becomes voluntarily intoxicated and is himself involved in an accident. The Plaintiffs attempt to bootstrap themselves into the category of an "other person" because they received alcohol from a clearly intoxicated person (Beck), who was buying rounds of drinks for his guests.

---

[3] The letter opinion also stated that counsel for both parties agreed at oral arguments that Bennigan's argument regarding the statute of limitations was "not applicable in this case and Defendants' Motion to Dismiss on those grounds is denied." A review of the record, however, reveals no discussion by either party regarding the statute of limitations.

The court further reasoned that the Sluders' failure to "allege that they were clearly intoxicated which is necessary to put the retailer or its employees on notice that they should not have been served alcohol" was a fatal defect, even if the Sluders could somehow argue that Bennigan's actions constituted a constructive sale to them. Finally, the court held that the res judicata defense was moot, because of its decision to dismiss the Sluders' complaint under Rule 12(b)(6). An order dismissing the Sluders' complaint was entered on April 7, 2006. From that order comes the instant appeal.

On appeal, the Sluders argue that the trial court erred in dismissing their complaint as it stated a prima facie cause of action under section 16-126-104. According to them, this court in *Sluder I*, 361 Ark. 267, 206 S.W.3d 213, indicated that if they pled that Beck continued to order drinks and, in turn, provided them to Charles Sluder, such facts would satisfy the requirements of probable cause. Bennigan's counters that this court's prior dismissal of the Sluders' complaint was with prejudice and, thus, the Sluders were precluded from again filing their complaint.

When a complaint is dismissed under Rule 12(b)(6) for failure to state facts upon which relief can be granted, the dismissal is without prejudice. *See Ark. Dep't of Envtl. Quality v. Brighton Corp.*, 352 Ark. 396, 102 S.W.3d 458 (2003); *Ratliff v. Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984). The plaintiff then has the election to either plead further or appeal. *Id.* When the plaintiff chooses to appeal, he or she waives the right to plead further, and the complaint will be dismissed with prejudice. *See Arkhola Sand & Gravel Co. v. Hutchinson*, 291 Ark. 570, 726 S.W.2d 674 (1987).

A similar situation was addressed by this court in *Hollingsworth v. First National Bank & Trust Co.*, 311 Ark. 637, 846 S.W.2d 176 (1993). There, the appellant's complaint was dismissed without prejudice pursuant to Rule 12(b)(6). Appellant, in turn, chose to appeal the dismissal, as opposed to amending its pleadings. In dismissing the complaint with prejudice, this court relied on its prior decision in *Arkhola*, 291 Ark. 570, 726 S.W.2d 674, and stated:

> [T]he trial court dismissed the appellant's complaint without any mention of prejudice to Arkhola. Arkhola then had the election to plead further or appeal. Arkhola appealed, and therefore it waived

its right to plead further and the complaint was dismissed with prejudice. Likewise, in the present case the appellants chose to appeal rather than plead further, thus the appellant's complaint is dismissed with prejudice.

*Hollingsworth*, 311 Ark. at 641, 846 S.W.2d at 179.

■ Clearly, our case law supports the conclusion that when the Sluders chose to appeal the original dismissal of their complaint and this court affirmed that dismissal, it became a dismissal with prejudice. It is irrelevant that the majority opinion did not specify as such or that the dissent indicated that it would have dismissed the complaint with prejudice.

The question then becomes what effect does the dismissal with prejudice have on the Sluders' case. Certainly, once this court affirmed the dismissal of their original complaint, the Sluders' attempt to amend their original complaint was in vain. Their action was dismissed and there was simply nothing to amend.

■ Moreover, it is a well-settled rule of law that a dismissal with prejudice is as conclusive of the rights of the parties as if there were an adverse judgment as to the plaintiff after a trial. *Sec. Pac. Hous. Servs., Inc. v. Friddle*, 315 Ark. 178, 866 S.W.2d 375 (1993); *Hicks v. Allstate Ins. Co.*, 304 Ark. 101, 799 S.W.2d 809 (1990). The present situation is analogous to this court's opinion in *Russell v. Nekoosa Papers, Inc.*, 261 Ark. 79-B, 547 S.W.2d 409 (1977). There, we held that the settlement and dismissal with prejudice of the appellant's first action were conclusive of the issue of negligence of appellee's alleged employees. The court thus concluded that since the appellee's liability, if any, was derivative of their alleged negligence, the appellant's action constituted a relitigation of any issue previously resolved and, consequently, was barred. *See also Lake v. Wilson*, 183 Ark. 180, 35 S.W.2d 597 (1931). Accordingly, when this court affirmed the dismissal of the Sluders' complaint, the dismissal was automatically one with prejudice and, as a result, the Sluders were barred from instituting the instant action.

Finally, we note that the trial court ruled that this issue was moot, but it is well settled that this court can affirm the trial court when it has reached the right result, even though it has announced the wrong reason. *See, e.g., Norman v. Norman*, 347 Ark. 682, 66 S.W.3d 635 (2002). Accordingly, we affirm on the basis that the

Sluders were barred from further litigating this action; thus, it is not necessary to address the merits of their argument on appeal.

Affirmed.

GLAZE, J., concurs.

DICKEY, J., not participating.