2009 Ark. App. 857

**Tasha ORR, Personal Representative of the Estate of Melvin Woodson, Jr., Deceased, Appellant**

v.

**Timothy CALICOTT, M.D. and Stephen Hudson, M.D., Appellees.**

No. CA 08–640.

Court of Appeals of Arkansas.

Dec. 16, 2009.

Parker Law Firm, LTD., Eureka Springs, by: Tim S. Parker, for appellant.

Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., Little Rock, by: Ken Cook, Michelle H. Cauley, and Delena C. Hurst, for appellees.

ROBERT J. GLADWIN, Judge.

|₁This is the second time that this case has been before us. The primary issue is whether a dismissal of a plaintiff's complaint for lack of proper venue becomes one with prejudice if the plaintiff appeals the venue issue and loses on appeal.[1] The Faulkner County Circuit Court held that our affirmance of the earlier dismissal was with prejudice. We reverse and remand for further proceedings.[2]

---

1. Prior to submission, we attempted to certify this issue to the supreme court. However, the court declined to accept our certification.

2. There are three other secondary issues raised. As discussed below, we affirm on those issues.

Appellant Tasha Orr, individually and as court-appointed personal representative of the estate of her infant son Melvin Woodson, Jr., filed a complaint in the Lee County Circuit Court alleging that appellees Timothy Calicott, M.D., and Stephen Hudson, M.D. (collectively, the doctors), committed medical negligence and wrongful death. The doctors filed a motion to dismiss in which they alleged that venue was improper in Lee County because treatment was rendered in Faulkner County, and Woodson was a resident of Faulkner County. The Lee County Circuit Court initially denied the doctors' motion. Orr then filed a second amended complaint, and the doctors filed another motion to dismiss for lack of venue, alleging that they had discovered additional information that contradicted Orr's claim that venue was proper in Lee County. Following a second hearing, the Lee County Circuit Court granted the doctors' motion to dismiss. We affirmed. *Orr v. Calicott*, No. CA05–594, 2006 WL 1165844 (Ark.App. May 3, 2006) (unpublished).

After the supreme court denied review, Orr refiled her complaint in Faulkner County. The doctors filed a motion to dismiss, alleging that Orr had waived her right to plead further by appealing the dismissal of her action in Lee County. The circuit court agreed with the doctors and dismissed Orr's complaint with prejudice. This appeal followed.

Although listed as Orr's second point on appeal, we first discuss her argument that the circuit court erred in dismissing her complaint with prejudice. The doctors relied on the supreme court's decision in *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 362 Ark. 598, 210 S.W.3d 101 (2005), where there is language that, when a plaintiff has the option to either plead further or appeal, the right to plead further is lost if the plaintiff appeals. Under the circumstances of this case, we believe that the reliance on *Servewell* is misplaced because the *Servewell* court relied on cases decided under Ark. R. Civ. P. 12(b)(6) (2009) for the proposition that the dismissal was with prejudice. Moreover, the venue issue and the merits of the underlying claims in *Servewell* were so intertwined that there could not be a second appeal, making a dismissal with prejudice appropriate in that case. In the present case, the merits have yet to be considered.

 The *Servewell* court's reliance on cases decided under Rule 12(b)(6) was mistaken. A motion to dismiss under Rule 12(b)(6) permits a defendant to challenge not only the legal sufficiency of the complaint, that is, whether the substantive law affords relief, but also the factual sufficiency of the complaint, which is whether the plaintiff has alleged sufficient factual information to determine whether he is entitled to relief. *Mann v. Orrell*, 322 Ark. 701, 912 S.W.2d 1 (1995). When a complaint is dismissed under Ark. R. Civ. P. 12(b)(6) for factual insufficiency, the dismissal should be without prejudice. *Sluder v. Steak & Ale of Little Rock, Inc.*, 368 Ark. 293, 245 S.W.3d 115 (2006). A plaintiff then has the election to either plead further or appeal. *Id.* If an appeal is taken, the option to plead further is waived in the event of an affirmance. *Id.* Thus, when a case is dismissed for factual insufficiency, a determination has been made that goes to the merits of the plaintiff's case. In other words, the plaintiff cannot recover because he has not stated sufficient facts that will allow him to recover under any recognized legal theory. *See In re Poston*, 318 Ark. 659, 887 S.W.2d 520 (1994).

 On the other hand, a dismissal for improper venue does not go to the merits of whether the plaintiff can recover. All that has been determined is that the plaintiff brought suit in the wrong county.

Under Arkansas Rule of Civil Procedure 41(b) (2009), an involuntary dismissal, such as Orr suffered in the Lee County case, is ordinarily without prejudice unless there has been a prior dismissal. Also a dismissal without prejudice is not an adjudication on the merits and will not bar a subsequent suit on the same cause of action. *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001); *Magness v. McEntire*, 305 Ark. 503, 808 S.W.2d 783 (1991).

 Both the supreme court and this court have decided cases where the issue of improper venue has been appealed by the plaintiffs after dismissal of their complaint. *Fraser Bros. v. Darragh Co.*, 316 Ark. 297, 871 S.W.2d 367 (1994); *Parsons Dispatch, Inc. v. John J. Jerue Truck Broker, Inc.*, 89 Ark.App. 25, 199 S.W.3d 686 (2004). In neither case did the appellate court suggest that the appeal served to bar further action by the plaintiff in the proper venue. In fact, in *Parsons Dispatch* we expressly stated that the affirmance was without prejudice, language which was quoted with approval by the supreme court in *Servewell.*

We reject the doctors' argument that the savings statute, Ark.Code Ann. § 16–56–125 (Repl.2005), cannot be used to save Orr's action because it does not contain any tolling provisions. Our supreme court has consistently given a liberal interpretation to the savings statute. *Lubin v. Crittenden Mem'l Hosp.*, 288 Ark. 370, 705 S.W.2d 872 (1986) *(Lubin I); Young v. Garrett*, 212 Ark. 693, 208 S.W.2d 189 (1948). Our case law is replete with instances where a plaintiff has had his or her complaint dismissed on procedural grounds not reaching the merits and, been allowed to appeal the dismissal and then refile after losing the appeal. *See Lyons v. Forrest City Mach. Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990) *(Lyons I)* (lack of proper service on the defendant);

*Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993) *(Lyons II); Carton v. Missouri Pac. R.R.*, 295 Ark. 126, 747 S.W.2d 93 (1988) *(Carton I)* (lack of federal subject-matter jurisdiction); *Lubin I, supra* (lack of federal subject-matter jurisdiction). If the savings statute is not tolled during the appeal of a dismissal on a procedural issue, the above-cited cases would not have been allowed to proceed because more than one year had elapsed between the dismissal of the action, the appeal, and the commencement of the second action.

Here the circuit court erroneously held that the earlier dismissal had been with prejudice once Orr appealed. Orr refiled her action in the proper venue, Faulkner County, within one year of the earlier dismissal of the Lee County action becoming final. *See West v. G.D. Searle & Co.*, 317 Ark. 525, 879 S.W.2d 412 (1994). Therefore, we reverse and remand the case for further proceedings.

We now turn to Orr's other points for reversal, none of which have merit. Those points spring from the manner in which the doctors sought to assert that the dismissal of Orr's complaint should have been with prejudice. In their initial motion to dismiss, the doctors alleged only that Orr had waived the right to plead further by appealing from the dismissal in Lee County. The doctors later amended and supplemented their motion to dismiss to allege that, not only had Orr waived her right to plead further, but also that there was no longer any venue in which Orr's complaint could be heard. Orr filed both a response to the motion and her own motion for default judgment, alleging that the doctors had failed to properly plead or defend because the "waiver" defense asserted by the doctors could only be asserted in their answer, not by motion. Orr later filed a motion seeking to strike the doctors' mo-

tion to dismiss, as well as a motion seeking Rule 11 sanctions. The circuit court denied Orr's various motions, and she now appeals those rulings.

First, Orr has waived the right to have the doctors' motions to dismiss struck because she responded to the doctors' motions before seeking to have them struck. Arkansas Rule of Civil Procedure 12(f) (2009) allows the court to strike pleadings or other matters; however, if it is done on the motion of a party, as here, the motion to strike must be made before responding to the allegedly objectionable pleading. By filing a response to the initial motion to dismiss, Orr has waived her right to have the motion struck. Likewise, she has also waived her right to have the doctors' amended motion stricken because she responded to the motion. Thus, the circuit court did not abuse its discretion by not granting Orr's motion to strike.

Second, the circuit court likewise did not abuse its discretion in not finding that the doctors had violated Arkansas Rule of Civil Procedure 11 (2009) by raising their defense in the manner that they did. *Ward v. Dapper Dan Cleaners & Laundry, Inc.*, 309 Ark. 192, 828 S.W.2d 833 (1992).

Orr is correct that, when a circuit court determines that a violation of Rule 11 has occurred because an attorney has signed pleadings in violation of the rule, the rule makes sanctions mandatory. *Parker v. Perry*, 355 Ark. 97, 131 S.W.3d 338 (2003). However, the circuit court has discretion in determining whether a violation of Rule 11 occurred. *Bratton v. Gunn*, 300 Ark. 140, 777 S.W.2d 219 (1989). Moreover, it is the moving party's burden to adduce proof of the violation alleged in its motion for sanctions under Rule 11. *Pomtree v. State Farm Mut. Auto. Ins. Co.*, 353 Ark. 657, 121 S.W.3d 147 (2003); *Bratton, supra.*

Rule 11 allows the court to sanction a party for filing a pleading for an improper purpose. Orr asserts that the doctors filed their motions to dismiss to manipulate the judicial system and to deny her a day in court. However, where the doctors reasonably, but mistakenly, relied on the supreme court's decision in *Servewell,* Orr has failed in her burden of showing that the motion to dismiss was filed for an improper purpose so as to warrant sanctions. *See Jones v. Jones,* 320 Ark. 449, 898 S.W.2d 23 (1995).

Finally, Orr's contention that she was entitled to a default judgment because the doctors never properly answered her complaint is likewise without merit. A default judgment *may* be granted when a party against whom a judgment is sought fails to plead *or otherwise defend.* Ark. R. Civ. P. 55(a) (2009) (emphasis added). The entry of a default judgment is discretionary rather than mandatory. *Collins v. Keller,* 333 Ark. 238, 969 S.W.2d 621 (1998). Arkansas Rule of Civil Procedure 8(f) (2009) provides that pleadings shall be liberally construed so as to do substantial justice. This rule of liberal construction of looking to the substance of a pleading beyond its actual form has been applied to motions. *Cornett v. Prather,* 293 Ark. 108, 737 S.W.2d 159 (1987).

It cannot be seriously argued that the doctors did not defend against Orr's complaint. Their motion to dismiss went to the merits of Orr's claim, one of the hallmarks of a "responsive pleading." *See Nucor Corp. v. Kilman,* 358 Ark. 107, 186 S.W.3d 720 (2004). The citation to *Servewell* should have alerted Orr that the doctors were claiming that the earlier dismissal was with prejudice. This is made clear in paragraph 5 of the motion, which asserts, "Even if the dismissal is considered

to be without prejudice...." Therefore, the circuit court did not abuse its discretion in denying Orr's motion for a default judgment.

Affirmed in part; reversed and remanded in part.

VAUGHT, C.J., and MARSHALL, J., agree.