SOUTHERN WOODEN BOX, INC. *v.* OZARK HARDWOOD
MANUFACTURING CO.

5-1063                                                          294 S. W. 2d 761

Opinion delivered November 5, 1956.

*Frierson, Walker & Snellgrove,* for appellant.

*J. M. Smallwood,* for appellee.

MINOR W. MILLWEE, Associate Justice. Appellant, Southern Wooden Box Inc., brought this action against appellee, Ozark Hardwood Manufacturing Co., to recover damages for the alleged breach of a contract for the sale of cottonwood lumber. In its answer appellee denied that a binding contract was ever concluded between the parties by reason of appellant's failure and refusal to execute and transmit a written confirmation which was a condition precedent to the existence of the contract.

This appeal is from judgment based on a verdict in favor of appellee.

The only error urged is the trial court's refusal to direct a verdict for appellant. In determining the sufficiency of the evidence to support the verdict we must, of course, consider it in the light most favorable to appellee.

Appellee had about 700,000 feet of cottonwood lumber for sale near Batesville, Arkansas, in November, 1954. Joe D. Mills, appellee's manager at Clarksville, contacted Joe Blindman, manager of appellant at Jonesboro, with reference to a sale of the lumber which consisted of three grades: (1) FAS (first and select); (2) No. 1 common; and (3) No. 2 common. It was then agreed that appellant would take all the No. 2 common and better at a price of $60 per thousand delivered at Jonesboro. After two loads of lumber were shipped under the verbal agreement, Blindman called and told Mills that he would not take any more because the percentage of No. 2 lumber was running higher than estimated.

On December 10, 1954, Blindman called Mills and told him appellant was interested in buying the No. 1 and better cottonwood lumber. According to Mills it was agreed that appellant would pay $70 per thousand for the No. 1 and better lumber estimated at 300,000 to 400,-000 feet and that each party would furnish the other a written confirmation of the verbal telephone agreement. The reason assigned by Mills for requiring written confirmation was the fact that Blindman had cancelled their previous order which had not been confirmed in writing. On the date of the telephone conversation, Mills wrote Blindman, as follows:

''Acknowledge our telephone conversation to date regarding the 4/4 Common & Better Cottonwood we have on our yard near Batesville, Arkansas.

We acknowledge your verbal order for 300,000 to 400,000 bd. feet of the 4/4 No. 1 & Better Cottonwood rough Air Dried at $70 per thousand delivered to Jonesboro on our trucks.

We will deliver first load Wednesday, December 15th then one load Thursday and Friday, December 16th and 17th.

As per our telephone conversation we would like to start delivering five loads per week.

Thanking you for the nice order.''

Mills made the first shipment on December 15, expecting the written confirmation by appellant. When it failed to arrive the next day he called Blindman requesting the confirmation which Blindman promised to furnish immediately. Acting on this promise additional shipments were made on December 16th and 17th. Blindman called Mills on December 29, 1954, and asked him if further deliveries were going to be made and was again advised that Mills had not received the written confirmation. Upon Blindman's representation that it would be forthcoming, two more loads were shipped the first part of January, 1955.

When Blindman called Mills again on January 13, 1955, to ask about further shipments, Mills told him he had never received the written order and that no future shipments would be made. This conversation was repeated in February, 1955, when Blindman came to appellee's office at Clarksville. Mills heard no more about the matter until April 18, 1955, when Blindman called and was again told that no more shipments would be made. Appellee introduced toll tickets showing the various telephone calls about which he testified. Blindman admitted that he requested written confirmation by Mills of the verbal agreement of December 10th, but denied that he was also to furnish such confirmation.

While Blindman denied that he ever agreed to furnish written confirmation of the agreement of December 10th, appellant concedes that, for the purposes of argument here, it must be assumed that such confirmation was made a condition of the agreement and that none was ever furnished, aside from the fact that appellant paid for the shipments made. However, appellant earnestly contends that appellee waived the condition re-

quiring written confirmation by appellant by making shipments without receiving it and accepting payment for said shipments. Reliance is had on such decisions as *Parker* v. *Carter*, 91 Ark. 162, 120 S. W. 836, and *Vieth* v. *Mushrush Lumber Co.*, 167 Ark. 669, 269 S. W. 44. These cases hold that a contract not required to be in writing is valid if signed by one of the parties and is accepted or adopted by the other party. The crucial issue here is whether the question of appellee's waiver of, or acquiescence in, the failure to furnish the written confirmation is one of law for the court or one of fact for the jury.

Even in the case of a written contract duly executed by both parties, this court has repeatedly held that parol evidence is admissible to prove that it was not to be a complete and binding agreement until certain conditions precedent have been fulfilled. *Barr C. & P. Co.* v. *Brooks-Ozan Mer. Co.*, 82 Ark. 219, 101 S. W. 408; *American Sales Book Co.* v. *Whitaker*, 100 Ark. 366, 140 S. W. 132, 37 L. R. A. (N. S.) 91; *Worthen* v. *Stewart*, 116 Ark. 294, 172 S. W. 855; *Reynolds* v. *Ashabranner*, 212 Ark. 718, 207 S. W. 2d 304. In the *Reynolds* case we said: "The situation here is not that of a waiver of a condition precedent stated in the written contract; rather, it is the waiving of a condition precedent to the coming into existence of the contract. See 17 C. J. S. 792 on 'Conditions Precedent.' In 13 C. J. 791, in discussing the waiver of a condition precedent in actions concerning contracts, the general rule is stated: 'The question as to whether a condition precedent has been performed is purely one of fact to be determined by the jury under the evidence. And the same has been held to be true of the question as to whether the performance of such condition has been waived, but the jury should be properly instructed as to the law.' See, also, 17 C. J. S. 1297."

Unquestionably, if appellee had accepted the several shipments of lumber without any insistence on its right to a written confirmation and without any promise by appellant to furnish it, then appellee would be held to have waived the condition. According to Blindman that

is exactly what happened, but Mills denied it and stated that each shipment was made and payment therefor accepted in reliance on Blindman's repeated assertions that the written confirmation would be forthcoming. Under this and other conflicts in the testimony, the trial court correctly held that the questions, whether written confirmation was required before the contract became effective, and whether appellee waived the performance of such condition, were issues of fact properly determinable by a jury. These issues were submitted under clear and proper instructions and the verdict of the jury is supported by substantial evidence.

Affirmed.