Carolyn Sue MILLER *v.* PRO-TRANSPORTATION

CA 02-83                                   77 S.W.3d 551

Court of Appeals of Arkansas
Division III
Opinion delivered June 19, 2002

*Grimes & Craytor*, by: *Bart C. Craytor*, for appellant.

*Watts, Donovan & Tilley, P.A.*, by: *David M. Donovan*, for appellee.

JOHN MAUZY PITTMAN, Judge. Carl Miller was employed by Pro-Transportation as a truck driver. Appellant is Mr. Miller's wife. Appellant wanted to ride as a passenger with her husband as he drove for Pro-Transportation. To obtain Pro-Transportation's permission to do so, appellant executed a passenger authorization application on May 23, 1998. In it appellant agreed that, in consideration for her being permitted to ride as a passenger, she would hold Pro-Transportation harmless from any liability

for any damage or injury she might receive while riding in Pro-Transportation's truck. The passenger authorization application also required appellant's husband to authorize a payroll deduction of $24.00 per month to cover the cost of accident insurance for appellant. Appellant accompanied her husband and was injured in a single-vehicle traffic accident. Her medical expenses were covered by the insurance procured pursuant to the passenger authorization request. She filed suit against Pro-Transportation, alleging that it was responsible for the negligence of its employee (her husband), that the accident was caused by her husband's negligent operation of the truck, and that she was entitled to compensatory and punitive damages. Pro-Transportation moved for summary judgment on the basis of the exculpatory provision of the passenger authorization application. The trial court granted the motion and entered an order granting summary judgment to Pro-Transportation. From that decision, comes this appeal.

For reversal, appellant contends that the trial court erred in granting appellee's motion for summary judgment, arguing that the exculpatory clause was invalid and unenforceable under Arkansas law. We do not agree, and we affirm.

> [S]ummary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. Once a moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. We have also stated that summary judgment is inappropriate where, although there may not be facts in dispute, the facts could result in differing conclusions as to whether the moving party is entitled to judgment as a matter of law.

*Fryar v. Roberts*, 346 Ark. 432, 436, 57 S.W.3d 727, 729-30 (2001) (citations omitted). In the present case, the propriety of summary judgment hinges on the validity and enforceability of the exculpatory clause.

■ ■ Contracts that exempt a party from liability for negligence are not favored by the law, and they are strictly construed against the party relying on them. *Farmers Bank v. Perry*, 301 Ark. 547, 787 S.W.2d 645 (1990). This disfavor is based upon the strong public policy of encouraging the exercise of care. *Id.* The Arkansas Supreme Court has said that it is not impossible to avoid liability for negligence through contract, but that, to avoid such liability, the contract must at least clearly set out what negligent liability is to be avoided. *Id.*

■ Appellant asserts that the contract at issue in the case at bar is invalid because it does not clearly set out what negligent liability is to be avoided. We disagree. The exculpatory clause provided that:

> IN CONSIDERATION OF MY BEING PERMITTED TO RIDE AS A PASSENGER IN A MOTOR VEHICLE LEASED OR OWNED BY PRO TRANSPORTATION, INC., I WILL HOLD PRO TRANSPORTATION HARMLESS FROM ANY LIABILITY FOR ANY DAMAGE OR INJURY WHICH I MAY RECEIVE WHILE RIDING IN SAID MOTOR VEHICLE BOTH AS TO ANY RIGHT OF ACTION THAT MAY ACCRUE TO MYSELF AND TO MY HEIRS AND PERSONAL REPRESENTATIVES.

This language clearly and specifically sets out the negligent liability to be avoided, *i.e.*, liability for any injuries that the applicant may suffer while riding as a passenger in appellee's motor vehicle.

■ ■ Furthermore, the Arkansas Supreme Court has adopted a "total transaction" approach for analyzing the validity of such a contract; under this analysis, the court will not restrict itself to the literal language of the release, but will also consider the facts and circumstances surrounding the execution of the release in order to determine the intent of the parties. *Plant v. Wilbur*, 345 Ark. 487, 47 S.W.3d 889 (2001). In the present case, we think it significant that appellant had accompanied her husband as a passenger in trucks owned by three different trucking companies, and was consequently aware of the nature of trucking operations and

the dangers inherent in them. That the parties realized that personal injury could result from these dangers is shown by the provision for medical insurance to cover appellant in the event of an accident. Finally, we think that the public policy of encouraging careful behavior that underlies the disfavor for such exculpatory clauses has little application in the present case, where the allegedly negligent party, appellant's husband, was the driver of the vehicle and, therefore had far more compelling reasons to drive carefully than the avoidance of possible tort liability.

Affirmed.

ROBBINS and BAKER, JJ., agree.