# PARSONS DISPATCH, INC. *v.*
# JOHN J. JERUE TRUCK BROKER, INC.

CA 04-336 199 S.W.3d 686

## Court of Appeals of Arkansas
## Opinion delivered December 8, 2004

*Conner & Winters, P.L.L.C.*, by: *Todd P. Lewis*, for appellant.

*Bassett Law Firm*, by: *Curtis L. Nebben*, for appellee.

JOHN B. ROBBINS, Judge. This appeal involves a dispute over the payment of commissions. The trial court dismissed the action based on a forum-selection clause requiring any dispute to be litigated in Florida. We find no error and affirm, as modified.

In 1999, Dennis Parsons, president and sole shareholder of appellant Parsons Dispatch, Inc. (Parsons Dispatch), contacted John Jerue, president of appellee John J. Jerue Truck Broker, Inc. (Jerue), in Florida, seeking help in collecting commissions owed to Parsons by Dan Wilburn, a sub-broker for Jerue. Jerue agreed to pay the commissions if Parsons incorporated his business and worked as a sub-broker directly for Jerue. From Florida, Jerue faxed a franchise agreement to Parsons, who signed and returned the agreement on July 6, 1999. The agreement was not signed on behalf of Jerue. Jerue accepted the agreement and paid the com-

missions owed by Wilburn. Parsons Dispatch was incorporated shortly thereafter.

The agreement contained a provision dealing with the choice of law and a forum-selection clause. That provision states:

> K. **Controlling Law; Jurisdiction; Venue.** The interpretation and construction of this Agreement wherever made and executed and wherever to be performed shall be governed by the laws of the State of Florida except to the extent preempted by Federal laws. The illegality of any particular provision of this Agreement shall not affect the other provisions thereof, but the Agreement shall be construed in all respects as if such invalid provision were omitted. Both of the parties submits [sic] itself to the jurisdiction of the courts of the State [of] Florida. The proper venue for any action relating to this Agreement and the relationships created hereby and associated herewith shall be in the 10th Judicial Circuit[,] Polk Country [sic], Florida.

Parsons Dispatch performed under the contract until December 2000.

On April 9, 2003, Parsons Dispatch filed suit in Washington County Circuit Court, alleging that Jerue had breached the contract by failing to pay more than $34,000 in commissions and by deducting $5,892 in pallet charges. The complaint also sought prejudgment interest and attorney's fees. Jerue answered, denying the material allegations. Jerue also filed a motion to dismiss and a motion for summary judgment, both based on the forum-selection clause. Parsons Dispatch responded to the motions, arguing that the contract was invalid because only Parsons Dispatch had signed the contract.

Following oral argument, the trial court granted the motion from the bench. First, the trial court, noting that it was unclear whether Parsons Dispatch was relying on the written document or an oral contract, found there to be a valid contract between the parties even though only Parsons Dispatch signed the agreement. The court also found that the forum-selection clause was presumptively valid because there was a connection between the forum selected (Florida) and the parties because Jerue is headquartered in Florida. The court further found that the clause was valid under Florida law because Parsons Dispatch had certain minimum contacts with Florida. An order granting the motion was entered on January 13, 2004, reciting that it was entered "for the reasons stated from the bench. . . ." This appeal followed.

Before addressing the points on appeal, we must first determine whether the order appealed from is an order granting

summary judgment or an order granting a motion to dismiss. This decision determines our standard of review. Although the order is styled as one granting summary judgment, we believe that it is actually an order granting a motion to dismiss. First, Jerue's counsel stated that he believed that he was precluded from filing only a motion to dismiss because a copy of the contract was not attached to the complaint. Second, the trial court, in ruling from the bench, noted that Jerue was entitled to have the complaint dismissed and that the dismissal was without prejudice because the dismissal was not on the merits. This comment indicates that the trial court believed that it was granting a motion to dismiss. An order granting summary judgment is a final adjudication on the merits that bars subsequent suits on the same cause of action. *See National Bank of Commerce v. Dow Chem. Co.*, 338 Ark. 752, 1 S.W.3d 443 (1999). However, a dismissal without prejudice is not an adjudication on the merits and will not bar a subsequent suit on the same cause of action. *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001). We will, therefore, treat the order appealed from as an order of dismissal, not an order granting summary judgment. This is a question of law; therefore, on appellate review of such a case, we simply determine whether appellant was entitled to judgment as a matter of law. *BAAN, USA v. USA Truck, Inc.*, 82 Ark. App. 202, 105 S.W.3d 784 (2003).

Parsons Dispatch's first point is that the trial court erred in finding that the forum-selection clause was valid and enforceable because the written document containing the clause was signed only by Dennis Parsons, not Jerue.

We affirm the trial court but on a different basis because Parsons Dispatch is estopped from asserting that the contract is invalid. The supreme court recently explored the doctrine of inconsistent positions as well as judicial estoppel in *Dupwe v. Wallace*, 355 Ark. 521, 140 S.W.3d 464 (2004). The court determined that the doctrine of judicial estoppel is merely a continuation of existing law previously set out under the doctrine against inconsistent positions. *Dupwe* cited longstanding authority to the effect that our courts would not permit a party litigant "to avail himself of inconsistent positions in a litigation concerning the same subject matter" nor "play fast and loose with the court." *Id.* at 530, 140 S.W.3d at 470 (quoting *Benton v. State*, 78 Ark. 284, 94 S.W. 688 (1906); *Cox v. Harris*, 64 Ark. 213, 41 S.W. 426 (1897)).

In the present case, Parsons Dispatch is trying to recover on the contract without being bound by the forum-

selection clause. The complaint alleges that Parsons Dispatch is due some $34,000 in commissions and $5,800 in other fees and charges withheld by Jerue under a contract between Parsons Dispatch and Jerue. After Jerue filed its motions asserting the forum-selection clause, Parsons Dispatch adopted the position that there is no enforceable contract. A party litigant is bound by his pleadings and the allegations therein and cannot maintain a position inconsistent therewith. *International Harvester Co. v. Burks Motors., Inc.*, 252 Ark. 816, 481 S.W.2d 351 (1972). To say the least, Parsons Dispatch's present position is inconsistent with its complaint to recover $34,000 in commissions due from Jerue under that same contract. A litigant is not permitted to assume wholly inconsistent positions on the same issue in the same case. *Id*; *see also Wenderoth v. City of Fort Smith*, 256 Ark. 735, 510 S.W.2d 296 (1974).

Even were we to address this issue on its merits, we would affirm the trial court's finding that there was a valid contract. The contract itself provides that Florida law governs the interpretation and construction of the agreement, and Parsons Dispatch admitted in its response to the motion to dismiss that Florida law governed. Florida law provides that a contract may be binding despite the fact that only one party has signed the agreement if both parties have performed under the contract. *Integrated Health Servs. v. Lopez-Silvero*, 827 So. 2d 338 (Fla. Ct. App. 2002); *James Register Constr. Co. v. Bobby Hancock Acoustics, Inc.*, 535 So. 2d 339 (Fla. Ct. App. 1988); *Gateway Cable T.V., Inc. v. Vikoa Constr. Corp.*, 253 So. 2d 461 (Fla. Ct. App. 1971). Likewise, Arkansas cases hold that a contract not required to be in writing is valid if signed by one of the parties and is accepted or adopted by the other party. *Southern Wooden Box, Inc. v. Ozark Hardwood Mfg. Co.*, 226 Ark. 899, 294 S.W.2d 761 (1956); *Vieth v. Mushrush Lumber Co.*, 167 Ark. 669, 269 S.W. 44 (1925). The trial court specifically found that Jerue had accepted the contract and that the parties had operated under the contract for eighteen months. Parsons Dispatch does not challenge that finding. We affirm on this point.

We will discuss Parsons Dispatch's second and third points together as they are interrelated and ask us to determine whether the forum-selection clause is enforceable under either the law of Arkansas or Florida. Florida law provides that the validity of forum-selection clauses should be determined by the law of the forum — in this case, Arkansas. *Golden Palm Hospitality, Inc. v. Stearns Bank Nat'l Ass'n*, 874 So. 2d 1231 (Fla. Ct. App.

2004). In Arkansas, choice-of-forum clauses in contracts have generally been held binding, unless it can be shown that the enforcement of the forum-selection clause would be unreasonable and unfair. *See Nelms v. Morgan Portable Bldg. Corp.*, 305 Ark. 284, 808 S.W.2d 314 (1991); *SD Leasing, Inc. v. Al Spain & Assoc., Inc.*, 277 Ark. 178, 640 S.W.2d 451 (1982). The question then is what is meant by unreasonable and unfair, which is determined by considering the factual circumstances of each case. However, claims of inconvenience or a waste of judicial resources do not rise to the level of being unreasonable and unfair. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). The *M/S Bremen* Court specifically rejected the view that a forum clause may be unreasonable if the chosen forum is inconvenient, because the parties contemplated such inconvenience when they entered into the agreement. The Court explained:

> Whatever "inconvenience" Zapata would suffer by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting. In such circumstances it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.

*Id.* at 17-18. Thus, for a forum clause to be unreasonable or unfair, it must do more than inconvenience a party; it must effectively deprive the party of its day in court. *Manrique v. Fabbri*, 493 So. 2d 437 (Fla. 1986). In *Nelms, supra*, the supreme court upheld the validity of a forum-selection clause when jurisdiction over the agreement was conferred upon a foreign state's forum.

 Likewise, Florida law provides that such clauses are presumptively valid and "should be enforced in the absence of a showing that enforcement would be unreasonable or unjust." *Manrique v. Fabbri, supra*, at 440; *accord Friedman v. American Guardian Warranty Servs., Inc.*, 837 So. 2d 1165 (Fla. Ct. App. 2003); *Thompson v. Keysway Inv., Inc.*, 818 So. 2d 603 (Fla. Ct. App. 2002); *Bombardier Capital Inc. v. Progressive Mktg. Group, Inc.*, 801 So. 2d 131 (Fla. Ct. App. 2001), *review denied*, 828 So. 2d 388 (Fla. 2002). There are exceptions, however, such as: (1) the forum-selection clause is tainted by fraud; (2) the clause is a product of overwhelm-

ing bargaining power of one party; (3) the clause is the sole basis upon which to base jurisdiction. *Bombardier Capital, supra.* Parsons Dispatch does not make any argument that the forum-selection clause was tainted by fraud.

 Parsons Dispatch relies on *McRae v. J.D./M.D., Inc.,* 511 So. 2d 540 (Fla. 1987), and *Jasper v. Zara,* 595 So. 2d 1075 (Fla. Ct. App. 1992), for support of its argument that the forum-selection clause cannot serve as the sole basis for the exercise of jurisdiction in Florida. *McRae* and *Jasper* are inapplicable in the present case because Jerue is not seeking to enforce the contract in Florida against Parsons Dispatch. Instead, Parsons Dispatch is bringing suit to recover the commissions owed by Jerue, a Florida business. If Parsons Dispatch is forced to litigate this matter in Florida, there will be no question of the defendant's (Jerue's) contacts with that state arising out of activities occurring in that state. In judging "minimum contacts," the focus is on the *defendant,* the forum, and the litigation. *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770 (1983). A plaintiff is not required to have minimum contacts with the forum state. *Keeton, supra; Moran v. Bombardier Credit, Inc.,* 39 Ark. App. 122, 839 S.W.2d 538 (1992).

 Parsons Dispatch also argues that the forum-selection clause is a product of overwhelming bargaining power of one party, Jerue. In *Bombardier Capital Inc. v. Progressive Marketing Group, supra,* the court noted that the term "unequal bargaining power," as used by the *Manrique* court, was intended by the supreme court to be "subsumed within the court's express holding, i.e., that forum selection clauses should be enforced in the absence of a showing that enforcement would be 'unreasonable or unjust.'" *Bombardier Capital Inc. v. Progressive Mktg. Group, Inc.,* 801 So. 2d at 135. No cases were found either by the *Bombardier* court or by the court in *Ware Else, Inc. v. Ofstein,* 856 So. 2d 1079 (Fla. Ct. App. 2003), that require the parties to be "equals" before enforcing a forum-selection clause.[1] Parsons Dispatch argues that it

---

[1] The *Bombardier* court noted that some of the more recently reported cases upholding the validity and enforcement of such clauses contain facts from which it might be inferred that the party that successfully sought enforcement of the clause was one with overwhelming bargaining power. *See, e.g., America Online, Inc., v. Booker,* 781 So. 2d 423 (Fla. Ct. App. 2001); *Fendi, S.r.l. v. Conditti Shops, Inc.,* 754 So. 2d 755 (Fla. Ct. App. 2000).

was forced to accept Jerue's contract in order to collect money owed by Dan Wilburn, a sub-broker for Jerue. However, Parsons Dispatch has not shown that this is the result of overwhelming bargaining power on the part of Jerue. Nor has Parsons Dispatch shown that it could not have collected the money directly from Wilburn. Parsons Dispatch performed under the contact for some eighteen months after signing the contract and receiving the money owed by Wilburn. The court in *Ware Else* rejected an argument similar to the one made here by Parsons Dispatch — that the agreement was essentially a "take-it or leave-it" proposition. The court noted that the employee in *Ware Else* was not required to accept the terms of the contract if she did not agree with them because the employment was not being forced on her. We affirm on this point.

In summary, we modify the order appealed from to make it clear that it was an order of dismissal without prejudice.

Affirmed as modified.

BIRD and ROAF, JJ., agree.