

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–15–191

| | |
|---|---|
| SERGIO TRUJILLO, SPECIAL ADMINISTRATOR OF THE ESTATE OF PEDRO TRUJILLO<br>APPELLANT | **Opinion Delivered** October 28, 2015<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV-2012-2489-3] |
| V. | HONORABLE THOMAS SMITH, JUDGE |
| TK MARTIAL ARTS ACADEMY, LLC, TIM KUTH, KEVIN BEARDEN, JERRED ROLLER, and JERRY KURT[1]<br>APPELLEES | AFFIRMED |

## M. MICHAEL KINARD, Judge

Sergio Trujillo, Special Administrator of the Estate of Pedro Trujillo, filed suit against appellees TK Martial Arts Academy, LLC, Tim Kuth, Kevin Bearden, Jerred Roller, and Jerry Kurt[1] asserting causes of action for negligence and gross negligence resulting in the death of Pedro Trujillo. The trial court entered summary judgment in favor of all appellees. Appellant now argues that it was error to enter summary judgment on the basis of an exculpatory contract. We affirm.

Pedro suffered an injury while training at TK Martial Arts Academy on October 6, 2011, and died two days later. In December 2012, appellant sued the academy and the individual appellees, who were all present at the time of Pedro's injury. Appellant alleged

---

[1]It was determined below that Jerry Kurt's name was actually Gerald Kirk, but his name was never corrected in the caption of the case.

that Pedro was injured when Roller and Bearden threw him to the ground numerous times under Kurt's supervision despite appellees' knowledge that Pedro's head was hitting the floor. Appellant alleged that appellees breached their duty of ordinary care in various ways, including failure to adequately instruct Pedro on how to be knocked to the floor without contacting his head, failure to cease the training after Pedro voiced complaints, failure to provide adequate floor padding and protective headgear, failure to warn of risks, and failure to adequately supervise the training.

Appellees answered, denying any negligence. On September 5, 2014, appellees filed a motion for summary judgment based on an exculpatory contract signed by Pedro releasing the academy and its officers, agents, and employees from liability for injuries.[2] Appellant filed a motion to strike the motion for summary judgment, arguing that appellees had not raised the affirmative defenses of waiver and release in their answer. Appellees then filed amended answers asserting affirmative defenses, including waiver and release. Appellant filed a motion to strike appellees' amended answers and a response to the motions for summary judgment. After a hearing on November 17, 2014, the trial court denied appellant's motion to strike and granted the motions for summary judgment based on the exculpatory contract.

For his first point on appeal, appellant argues that appellees' failure to plead the affirmative defense of release in their original answer should have precluded reliance on the exculpatory contract. Arkansas Rule of Civil Procedure 8(c) provides, in pertinent part, as

---

[2]Appellee Bearden later retained separate counsel and filed a separate answer and motion for summary judgment joining the motion filed by the other appellees.

SLIP OPINION

follows:

> *Affirmative Defenses*. In responding to a complaint, counterclaim, cross-claim or third party claim, a party shall set forth affirmatively . . . release . . . waiver, and any other matter constituting an avoidance or affirmative defense.

Rule 8, thus, does require that affirmative defenses be pled in responding to a complaint, but there is no requirement that the affirmative defense of release be pled in the *original* answer. Arkansas Rule of Civil Procedure 15(a) states, in part, as follows:

> *Amendments*. With the exception of pleading the defenses mentioned in Rule 12(h)(1), a party may amend his pleadings at any time without leave of the court. Where, however, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment, the court may strike such amended pleading or grant a continuance of the proceeding.

Release is not a defense mentioned in Rule 12(h)(1). Appellant moved to strike the amended answers, but the trial court found that no prejudice would result and allowed the amended answers.

We will not reverse a trial court's decision allowing or denying amendments to pleadings absent a manifest abuse of discretion. *Neal v. Sparks Regional Medical Center*, 375 Ark. 46, 289 S.W.3d 8 (2008). In his brief, appellant asserts only that the amended answers were barred by the rules of civil procedure; he makes no argument that he was prejudiced. Without establishing any prejudice as the basis for his motion to strike, we cannot say that the trial court abused its discretion in denying the motion. *Grinnell v. Garnet Real Estate LLC*, 2013 Ark. App. 273, 427 S.W.3d 717.

Appellant next argues that summary judgment was improper because the release was ambiguous, there was no mutual assent, and the intent of the parties was not considered.



Our court has set forth the standard of review for summary-judgment cases as follows:

> [S]ummary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. Once a moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. We have also stated that summary judgment is inappropriate where, although there may not be facts in dispute, the facts could result in differing conclusions as to whether the moving party is entitled to judgment as a matter of law.

*Miller v. Pro-Transportation*, 78 Ark. App. 52, 54, 77 S.W.3d 551, 553 (2002).

The release signed by Pedro provided in part as follows:

> TK Martial Arts Academy is committed to conducting its programs and activities in the safest possible manner and holds the safety of its participants in the highest possible regard. Participants registering in recreational programs and activities however, must recognize the inherent risks of injury associated with such activities or programs. Therefore, TK Martial Arts continually strives to reduce risks and insists that all participants follow safety rules and instructions which have been designed to protect participants' safety. TK Martial Arts further urges that all participants consult a medical professional before engaging in any programs or activities offered at the school.
>
> Each person registering themselves or family members for a recreation program/activity should review their own health insurance policy for coverage. It must be noted that the absence of health insurance coverage does not make the TK Martial Arts automatically responsible for payment of medical expenses.
>
> Due to the difficulty and high cost of obtaining liability insurance, the agency providing liability coverage for the TK Martial Arts REQUIRES the execution of the following Waiver and Release. Your cooperation is greatly appreciated.



WAIVER AND RELEASE OF ALL CLAIMS

Please read this form carefully and be aware that in participating in any program(s) or activities at TK Martial Arts, you will be waiving and releasing all claims for injuries you might sustain arising out of the activities or program(s).

As a participant in the program(s) at TK Martial Arts, I recognize and acknowledge that there are certain risks of physical injury and I agree to assume the full risk of any injuries, including death, damages or loss regardless of severity which I may sustain as a result of participating in any and all activities connected with or associated with the program.

I agree to waive and relinquish all claims I may have as a result of participating in the program against the TK Martial Arts and its officers, agents, servants and employees.

I fully release and discharge TK Martial Arts and its officers, agents, servants and employees from any and all claims of injuries, including death, damage or loss including loss of or damage to personal property which I may have or which may accrue to me on account of my participation.

I further agree to indemnify and hold harmless and defend TK Martial Arts and its officers, agents, servants and employees from any and all claims from injuries, including death, damages, and losses sustained by me or arising out of, or in any way associated with the activities of the program.

In the event of emergency, I authorize TK Martial Arts officials to secure from any licensed hospital, physician, and/or medical personnel any treatment deemed necessary for my immediate care and I agree that I will be responsible for payment of any and all medical services required.

Appellant contends that the following aspects of the release are ambiguous: the meaning of words such as "activities" and "programs," the parties released under the contract, and the liability released under the contract. As appellees note, appellant's arguments regarding contract interpretation, mutual assent, and ambiguity of the release were not raised below. It is well settled that when the abstract does not reflect that the argument, or any similar argument, was made in the trial court, we will not reach the merits of the

SLIP OPINION

argument on appeal. *Plant v. Wilbur*, 345 Ark. 487, 47 S.W.3d 889 (2001). Accordingly, we decline to address these arguments.

Appellant did argue below that the release did not contain the word negligence and did not cover his claims. Exculpatory contracts are to be strictly construed against the party relying on them. *Finagin v. Arkansas Development Finance Authority*, 355 Ark. 440, 455, 139 S.W.3d 797, 806 (2003). To be enforceable, the contract must clearly set out what negligent liability is to be avoided. *Id.* When we are reviewing such a contract, we are not restricted to the literal language of the contract, and we will also consider the facts and circumstances surrounding the execution of the release in order to determine the intent of the parties. *Id.*

In *Miller*, 78 Ark. App. 52, 77 S.W.3d 551, the appellant argued that the exculpatory contract was invalid because it did not clearly set out what negligent liability was to be avoided. The exculpatory clause provided in part that "I will hold Pro-Transportation harmless from any liability for any damage or injury which I may receive while riding in said motor vehicle." This court held that the language clearly and specifically set out the negligent liability to be avoided—liability for any injuries that the applicant may suffer while riding as a passenger in appellee's motor vehicle. As in *Miller*, the release here did not contain the word "negligence," but it similarly released liability for "all claims from injuries, including death, damages, and losses" arising out of participation in the academy's programs or activities. In a case involving a release executed in the context of a dangerous recreational activity, we held that the protection from liability as contemplated by such a release must be

6

SLIP OPINION

limited to injuries that are rationally associated with the dangerous nature of the activity. *Ver Weire v. Styles*, 2013 Ark. App. 208, 427 S.W.3d 112. Here, the release specifically recognized that there were "inherent risks of injury" associated with participation in martial-arts activities. Appellant's claims are related to the unique and obvious dangers associated with martial-arts training. Therefore, we agree with the trial court that the release was valid and that summary judgment was appropriate.

For his last point, appellant argues that, even if the release absolves the academy from liability, it should not extend to the individual appellees. He argues that, although the release protects "agents, servants, and employees," there was no proof to establish that the individual appellees were agents. As appellees note, however, appellant's position is in direct contradiction to his assertions in his complaint. A party is bound by his own pleadings and cannot maintain a position inconsistent therewith. *Culpepper v. Smith*, 302 Ark. 558, 792 S.W.2d 293 (1990). In his complaint, appellant alleged that Kurt was employed as a teaching coach by TK Martial Arts and was an employee, agent, representative, and/or servant of the academy. He alleged that Bearden and Roller were each "a participant in training at, and/or agent, employee, and/or representative of, TK Martial Arts." In a separate paragraph of his complaint, appellant alleged that

> [a]t all times herein mentioned, Defendants Kuth, Bearden, Roller, and/or Kurt were the employees, agents and/or servants of TK Martial Arts, and were acting within the course and scope of such employment, agency and/or servitude. Defendant TK Martial Arts is therefore vicariously liable for the wrongful acts of Defendants Kuth, Bearden, Roller, and/or Kurt, its agents, employees, and/or servants under the doctrine of respondeat superior.

SLIP OPINION

Appellant argued in his response to the motion for summary judgment that the release was not applicable to Bearden, Roller, and Kurt because they were not employees and were not specifically named in the release. In *Culpepper*, the supreme court established a condition for immunity by looking to the plaintiff's complaint, which asserted that individuals were acting within the course and scope of their duties and employment. In *Parsons Dispatch, Inc. v. John J. Jerue Truck Broker, Inc.*, 89 Ark. App. 25, 199 S.W.3d 686 (2004), this court held that the position adopted by the appellant at the summary-judgment stage and on appeal that there was no enforceable contract was inconsistent with its complaint and could not be maintained. As in those cases, we conclude that appellant is bound by his complaint and cannot now maintain that appellees were not agents or employees.

Affirmed.

VIRDEN and HOOFMAN, JJ., agree.

*Robert S. Tschiemer*, for appellant.

*Keith, Miller, Butler, Schneider & Pawlik, PLLC*, by: *George M. Rozzell IV*, for appellees TK Martial Arts Academy, LLC; Tim Kuth; Jerred Roller; and Gerald Kirk.

*Roy, Lambert, Lovelace, Bingham & Wood, LLP*, by: *Jerry L. Lovelace* and *James Bingham*, for appellee Kevin Bearden.